FLORENCE T. NAKAKUNI  #2286
United States Attorney
District of Hawaii

MARSHALL SILVERBERG  #5111
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Blvd., Box 50183
Honolulu, Hawaii  96850
Telephone: (808)541-2850
Facsimile: (808)541-2958
E-Mail: Marshall.Silverberg@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 07-00377 SOM |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER REQUIRING A PSYCHIATRIC |
| vs. | ) | OR PSYCHOLOGICAL EXAMINATION OF |
| | ) | THE DEFENDANT AND THE |
| KIP CHAMBERLIN, | ) | PREPARATION OF A REPORT |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER REQUIRING A PSYCHIATRIC OR PSYCHOLOGICAL
EXAMINATION OF THE DEFENDANT AND THE
PREPARATION OF A REPORT

On August 8, 2007, the defendant, Kip Chamberlin, was charged in a two-count indictment.  On September 19, 2007, Mr. Chamberlin pleaded guilty to Count 1, charging him with knowingly intimidating flight attendants, and interfering with the performance of their duties, while aboard an aircraft with the special aircraft jurisdiction of the United States, in violation of 49 U.S.C. §§ 46504 and 46501.  On March 9, 2009, the Court

sentenced Mr. Chamberlin to a term of imprisonment of four months, with a three-year term of supervised release to follow.

The first motion for revocation of supervised release was heard on March 9, 2009.  Mr. Chamberlin's term of supervision was revoked for the following violations: (1) consuming alcohol on January 23, 2009, and January 26, 2009; and (2) failing to follow the instructions of the Probation Office on January 27, 2009.  The Court then sentenced Mr. Chamberlin to a new term of imprisonment of four months to be followed by 32-months of supervised release.

The second period of supervised release commenced on June 3, 2009.  While completing his imprisonment term at Mahoney Hale, Mr. Chamberlin suffered a seizure on May 23, 2009, and was admitted to Queens Medical Center.  While hospitalized, Mr. Chamberlin was physically and verbally assaultive towards staff.  Mr. Chamberlin remained in the hospital until June 11, 2009.

On June 22, 2009, Mr. Chamberlin suffered another seizure and was readmitted to Queens Medical Center.  He was released on June 29, 2009.

On August 3, 2009, the U.S. Probation Officer filed a second petition charging Mr. Chamberlin with three new violations: (1) failing to report his change of residence; (2) on possessing and using alcohol on July 30, 2009; and (3) failing to report that he had been arrested by a Honolulu Police Department officer.

On August 4, 2009, Mr. Chamberlin admitted committing all three violations. The sentencing was postponed so that Mr. Chamberlin's attorney could seek appropriate placement of Mr. Chamberlin in a treatment program.

Since that time, Mr. Chamberlin has suffered multiple seizures which apparently have affected his cognitive abilities and his ability to take care of himself. At a status conference on November 5, 2009, Mr. Chamberlin's attorney informed the Court that due to Mr. Chamberlin's cognitive impairments, she has doubts as to Mr. Chamberlin's competency to understand the nature and consequences of the pending proceeding. Mr. Chamberlin's counsel then made a motion, pursuant to 18 U.S.C. § 4244, to have Mr. Chamberlin examined to see if he is competent to proceed further in this revocation proceeding. The government did not oppose the motion.

THEREFORE, IT IS HEREBY ORDERED THAT:

(1) The U.S. Bureau of Prisons shall transport Mr. Chamberlin to a suitable facility where a psychiatric or psychological examination of Mr. Chamberlin can be conducted;

(2) The report shall contain the information required by 18 U.S.C. § 4247(c);

(3) If possible, the Court requests that the U.S. Bureau of Prisons do this evaluation in the facility closest to where Mr. Chamberlin is presently incarcerated so as to minimize the effect that additional transportation might have on him;

(4) The report of the competency examination should be prepared as soon as possible, but no later than 90 days; and

(5) Pursuant to 18 U.S.C. § 4244(b), in addition to the information required to be included in the psychiatric or psychological report pursuant to the provisions of section 4247(c), if the report includes an opinion of the examiners that the defendant is presently suffering from a mental disease or defect but that it is not such as to require his custody for care or treatment in a suitable facility, the report shall also include an opinion by the examiner concerning the sentencing alternatives that could best accord the defendant the kind of treatment he does need.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 17, 2009.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Approved as to form and content:

/s/ Shanlyn A. S. Park
_____
Shanlyn A. S. Park
Assistant Federal Public Defender
Counsel for defendant
  Kip Chamberlin

United States v. Chamberlin, Cr. No. 07-00377 SOM
"ORDER REQUIRING A PSYCHIATRIC OR PSYCHOLOGICAL EXAMINATION OF THE DEFENDANT AND THE PREPARATION OF A REPORT"